DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Ottawa County Municipal Court which, following the entry of a plea of no contest, found appellant, John Voiers, guilty of violating R.C. 4511.19(A)(3), operation of a motor vehicle with a prohibited breath alcohol concentration. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "The Trial Court erred in overruling Defendant's Supplemental Motion to Suppress in that the State failed to meet its burden to establish that the blood alcohol test conducted upon the Defendant was done in compliance with R.C. 4511.19(D)(1) and, specifically, that the test conducted upon the Defendant was not done within the statutory two (2) hour time period. The Defendant's Motion requesting the test be suppressed should have been granted by the Trial Court."
The following facts are relevant to this appeal. On July 1, 2001, appellant was charged with violation of R.C. 4511.19 (A)(1) and (A)(3) and R.C. 4513.05, no tail lights. Appellant entered a plea of not guilty. The trial court denied appellant's motion to suppress. Appellant entered a no contest plea and was found guilty. This appeal was timely filed.
App.R. 9(A) reads as follows:
 "(A) Composition of the record on appeal. * * * A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs. (Emphasis added.)"
Appellant's hearing was apparently videotaped.[1] Attached to appellant's brief is a transcription of testimony.
However, contrary to App.R. 9(A), appellant's counsel, if he did transcribe the videotape, has not certified the accuracy of this transcription. As noted by the appellate court in State v. Huffman (June 16, 1994), Delaware App. No. 93-CAC-06022, unreported, in regard to an appellant's counsel's responsibility to transcribe and certify the accuracy of a transcription of a videotape:
 "* * * We interpret said language to mean that counsel who generates the typewritten portions must `certify' their accuracy. Neither counsel have done that in the instant case. Even if all counsel to an appeal agreed that the portion of the video tape transcribed was accurate, such agreement would be insufficient in the absence of a formal certification to its accuracy by them."
See, also, Laughbaum v. Dotson (Feb. 20, 1991), Crawford App. No. 3-89-31, unreported (Testimony not properly before court when written transcript of videotape is not certified.); White v. Damiani (June 30, 1992), Trumbull App. No. 90-T-4432, unreported (Document containing excerpts of testimony attached to brief supposedly transcribed from videotapes but not certified as accurate, as App.R. 9(A) specifically requires, technically not properly before the court.).
Appellate review of a decision on a motion to suppress is de novo.State v. Anderson (1995), 100 Ohio App.3d 688, 691. The testimony from the motion to suppress hearing is not properly before this court due to the failure to certify the transcript of the videotape. Thus, this court is precluded from a merit review of appellant's assignment of error.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the judgment of the Ottawa County Municipal Court is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J. CONCUR.
[1] No videotape of the proceedings was filed with the record on appeal.